1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ANTWINE WILLIAMS,

11              Petitioner,                    No. 2:12-cv-0545 JAM DAD P

12         vs.

13    GARY SWARTHOUT, Warden,

14              Respondent.              FINDINGS & RECOMMENDATIONS

15    _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  Petitioner seeks federal habeas relief on the grounds that a

18    trial judge's finding that a sentence enhancement allegation brought against him was true

19    following a court trial in the Sacramento County Superior Court violated his Fourteenth

20    Amendment right to due process, his Sixth Amendment right to confront the witnesses against

21    him, and his Sixth Amendment right to a jury trial.  Upon careful consideration of the record and

22    the applicable law, the undersigned will recommend that petitioner's application for habeas

23    corpus relief be denied.

24    /////

25    /////

26    /////

                                                1

**I. Background**

        In its unpublished memorandum and opinion affirming petitioner's judgment of conviction on appeal, the California Court of Appeal for the Third Appellate District provided the following factual summary of petitioner's crime of conviction:

> **Facts**
>
> We briefly summarize the facts of defendant's crime, which are unnecessary to the resolution of this appeal.
>
> Edward M. was waiting at a Sacramento bus stop when defendant offered to sell him a bus pass.  After Edward M. purchased a pass, defendant badgered him to buy another.  When Edward M. refused, defendant punched Edward M. in the face, choked him, and pounded his head against the bus stop.  Defendant then took Edward M.'s wallet and walked away quickly.  A nearby police officer detained defendant.

(Doc. No. 20-1 (hereinafter Opinion) at 2.)

        After his judgment of conviction was affirmed by the California Court of Appeal, petitioner filed a petition for review in the California Supreme Court in which he raised the same claims that he raises in the habeas petition before this court.  (Resp't's Lod. Doc. 6.)  The California Supreme Court summarily denied that petition for review by order dated November 2, 2011.  (Resp't's Lod. Doc. 7.)

**II. Analysis**

    **A.  <u>Standards of Review Applicable to Habeas Corpus Claims</u>**

        An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or application of state law.  <u>See</u> <u>Wilson v. Corcoran</u>, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000).

/////

1    Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal

2    habeas corpus relief:

3         An application for a writ of habeas corpus on behalf of a
     person in custody pursuant to the judgment of a State court shall
4    not be granted with respect to any claim that was adjudicated on
     the merits in State court proceedings unless the adjudication of the
5    claim -

6         (1) resulted in a decision that was contrary to, or involved
     an unreasonable application of, clearly established Federal law, as
7    determined by the Supreme Court of the United States; or

8         (2) resulted in a decision that was based on an unreasonable
     determination of the facts in light of the evidence presented in the
9    State court proceeding.

10    For purposes of applying § 2254(d)(1), "clearly established federal law" consists

11   of holdings of the United States Supreme Court at the time of the state court decision. Stanley v.

12   Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06

13   (2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is

14   clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at

15   859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

16    A state court decision is "contrary to" clearly established federal law if it applies a

17   rule contradicting a holding of the Supreme Court or reaches a result different from Supreme

18   Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640

19   (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may

20   grant the writ if the state court identifies the correct governing legal principle from the Supreme

21   Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1]

22   Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360

23   F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ

24   _____

25        [1]  Under § 2254(d)(2), a state court decision based on a factual determination is not to be
     overturned on factual grounds unless it is "objectively unreasonable in light of the evidence
26   presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford,
     384 F.3d 628, 638 (9th Cir. 2004)).

3

1   simply because that court concludes in its independent judgment that the relevant state-court

2   decision applied clearly established federal law erroneously or incorrectly.  Rather, that

3   application must also be unreasonable." Williams, 529 U.S. at 412.  See also Schriro v.

4   Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal

5   habeas court, in its independent review of the legal question, is left with a 'firm conviction' that

6   the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit

7   precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of

8   the state court's decision." Harrington v. Richter, 562 U.S.___, ___,131 S. Ct. 770, 786 (2011)

9   (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for

10  obtaining habeas corpus from a federal court, a state prisoner must show that the state court's

11  ruling on the claim being presented in federal court was so lacking in justification that there was

12  an error well understood and comprehended in existing law beyond any possibility for fairminded

13  disagreement." Harrington,131 S. Ct. at 786-87.

14        If the state court's decision does not meet the criteria set forth in § 2254(d), a

15  reviewing court must conduct a de novo review of a habeas petitioner's claims.  Delgadillo v.

16  Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th

17  Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because

18  of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by

19  considering de novo the constitutional issues raised.").

20        The court looks to the last reasoned state court decision as the basis for the state

21  court judgment.  Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir.

22  2004).  If the last reasoned state court decision adopts or substantially incorporates the reasoning

23  from a previous state court decision, this court may consider both decisions to ascertain the

24  reasoning of the last decision.  Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en

25  banc).  "When a federal claim has been presented to a state court and the state court has denied

26  relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

4

1  of any indication or state-law procedural principles to the contrary." <u>Harrington</u>, 131 S. Ct. at

2  784-85.  This presumption may be overcome by a showing "there is reason to think some other

3  explanation for the state court's decision is more likely." <u>Id.</u> at 785 (citing <u>Ylst v. Nunnemaker</u>,

4  501 U.S. 797, 803 (1991)).  Where the state court reaches a decision on the merits but provides

5  no reasoning to support its conclusion, a federal habeas court independently reviews the record to

6  determine whether habeas corpus relief is available under § 2254(d).  <u>Stanley</u>, 633 F.3d at 860;

7  <u>Himes v. Thompson</u>, 336 F.3d 848, 853 (9th Cir. 2003).   "Independent review of the record is

8  not de novo review of the constitutional issue, but rather, the only method by which we can

9  determine whether a silent state court decision is objectively unreasonable." <u>Himes</u>, 336 F.3d at

10  853.  Where no reasoned decision is available, the habeas petitioner still has the burden of

11  "showing there was no reasonable basis for the state court to deny relief." <u>Harrington</u>, 131 S. Ct.

12  at 784.

13        When it is clear, however, that a state court has not reached the merits of a

14  petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a

15  federal habeas court must review the claim de novo.  <u>Stanley</u>, 633 F.3d at 860; <u>Reynoso v.</u>

16  <u>Giurbino</u>, 462 F.3d 1099, 1109 (9th Cir. 2006); <u>Nulph v. Cook</u>, 333 F.3d 1052, 1056 (9th Cir.

17  2003).[2]

18        **B. Petitioner's Claims**

19        In all three of his claims for federal habeas relief petitioner challenges a sentence

20  enhancement allegation found to be true which caused him to be sentenced under California's

21  Three Strikes Law.  In his first such claim, petitioner argues that he was "convicted of a 'second

22  strike' recidivist enhancment [sic] on less than substantial evidence in violation of the Due

23  Process Clause of the Fourteenth Amendment as there was no evidence that Petitioner committed

24

25  _____

26        [2] The United States Supreme Court has recently granted certiorari in a case apparently to
     consider this issue.  <u>See Williams v. Cavazos</u>, 646 F.3d 626, 639-41 (9th Cir. 2011), <u>cert. granted</u>
     <u>in part</u>, ___U.S.___, 132 S. Ct. 1088 (2012).

1  an offense in Illinois that would be a 'strike' (recidivist prior) under California law." (Doc. No. 1

2  (Pet.) at 5.) In his second claim, petitioner argues that the true finding on the sentence

3  enhancement allegation violated his Fourteenth Amendment right to due process and his Sixth

4  Amendment right to confront the witnesses against him because "the conviction/finding was

5  based on a document that was never introduced in evidence." (Id. at 7.) In his third claim,

6  petitioner argues that he was denied his Sixth Amendment right to a jury trial on the issue of

7  whether his prior Illinois robbery conviction qualified as a "strike" under California's Three

8  Strikes Law in violation of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). (Id. at

9  8, 52-55.)

10               **1.  State Court Decision**

11               In the last reasoned state court decision on these claims, the California Court of

12  Appeal for the Third Appellate District rejected all of petitioner's arguments, reasoning as

13  follows:

14          Following a jury trial, defendant Antwine Theodore Williams was
         convicted of second degree robbery (Pen. Code, § 211;
15          undesignated statutory references that follow are to the Penal
         Code). The trial court sustained prior strike and serious felony
16          allegations (§§ 667, subds.(a)(1), (b)-(i), 1170.12) and sentenced
         defendant to 15 years in state prison.

17
         On appeal, defendant contends the trial court erred in finding his
18          prior Illinois conviction for armed robbery was a serious felony and
         a strike, and that allowing records of his prior convictions to be
19          authenticated by affidavit violated his Sixth Amendment right to
         confrontation. In addition, we deem him to have raised the issue of
20          whether the trial court violated the rule of Apprendi v. New Jersey
         (2000) 530 U.S. 466 [147 L.Ed.2d 435] (Apprendi) by making
21          factual findings regarding his prior convictions. We affirm the
         judgment.

22                                              * * *

23                                                I

24                           **The Illinois Conviction**

25          Defendant contends the trial court erred in finding his 2002 Illinois
         conviction for armed robbery (720 ILCS 5/18–2(a)(1)) was a
26          serious felony and a strike. He asserts the People presented no

                                              6

evidence at the trial on the strike and serious felony allegations related to the conduct which led to the prior conviction.  Applying the "least adjudicated elements" test, defendant concludes the Illinois armed robbery statute is broader than its California counterpart as the Illinois statute is a general intent crime which does not require an intent to deprive the owner of the property for a substantial amount of time.

After the parties rested, the trial court held a hearing on the People's in limine motion to treat one of defendant's two prior Illinois convictions for armed robbery as a serious felony and strike.  Attached to the People's motion were copies of the record of his convictions, the indictment, and a transcript of his change of plea hearing.

The Illinois record of conviction related defendant's conviction on two counts of armed robbery (720 ILCS 5/18–2(a)(1)) in 2002.  The indictment stated defendant and codefendants:  "Knowingly took Similac baby formula from the person or presence of Clarence Moore, by the use of force or threatening the imminent use of force, and they carried on or about their person or were otherwise armed with a dangerous weapon other than a firearm, to wit: a baseball bat."

The transcript of the change of plea hearing for the Illinois convictions contained the following factual basis for the plea:

"[T]his incident occurred on July 24th of 2001 at St. Ambrose Church, which is located in the city of Chicago.  At approximately noon on that date, the defendant went to the church and was denied baby formula due to lack of proper documentation.  The two victims:  Mr. Benny Thigpen and Mr. Clarence Moore are workers at the food pantry at St. Ambrose.  The defendant then left.

"And approximately an hour later the defendant returned while armed with a bat along with two co-defendants:  Contrell Williams and Vernell Anderson.  All three individuals entered the church.  Vernell Williams, Antwine Williams, and Contrell Williams entered the area.

"It was a 67-year-old woman seated in the church food pantry waiting to pick up her food, and she was struck in the head with a bat and fell to the ground.  At which time [the] other defendants went to the back where Mr. Thigpen and Mr. Moore were both – Mr. Thigpen and Mr. Moore were struck in the head with the bat by this defendant.

"At which time the defendant and both co-defendants all fled with cases of Similac baby formula and left the area.  All the victims did require hospitalization due to their injuries."  Defendant's counsel

/////

at the Illinois plea hearing stipulated this would be the testimony at trial.

The People's motion asserted the trial court could consider the factual basis of the plea, and robbery, as defined in Illinois, includes a specific intent to steal.  At the hearing on the motion, defendant argued Illinois, unlike California, defined robbery as a general intent crime in which the perpetrator did not have to intend to permanently or temporarily deprive the owner of the property.  Defendant also claimed the factual basis of the plea was inadmissible hearsay.

The trial court ruled the prior conviction was a serious felony and a strike.  It found that armed robbery in Illinois had the same mental elements as robbery in California.  In addition, the trial court found the factual basis of the plea was admissible as an adoptive admission, which established that defendant's conduct in the prior conviction constituted robbery, as defined in California.

After the jury returned the guilty verdict, the trial court held a trial on the existence of the Illinois prior conviction.  The People submitted records of the indictment and prior conviction, which the trial court admitted over defendant's confrontation clause objection.  The trial court then found defendant suffered the prior Illinois conviction.

Defendant asserts the trial court could not find his Illinois conviction was a serious felony and a strike.

Defendant was convicted in Illinois of violating 720 Illinois Compiled Statutes 5/18–2, which states in pertinent part:  "(a) A person commits armed robbery when he or she violates Section 18–1 [720 ILCS 5/18–1]; and [¶] (1) he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon other than a firearm."  720 Illinois Compiled Statutes 5/18–1(a) defines robbery as:  "A person commits robbery when he or she takes property, except a motor vehicle covered by Section 18–3 or 18–4 [720 ILCS 5/18–3 or 720 ILCS 5/18–4], from the person or presence of another by the use of force or by threatening the imminent use of force."

A prior conviction counts as a strike if it is a serious felony as defined in section 1192.7, subdivision (c), or a violent felony as defined in section 667.5, subdivision (c).  (§ 667, subd. (d)(1).)  Robbery (§ 211) is a serious felony. (§ 1192.7, subd. (c)(19).)

In determining whether a prior conviction is a serious felony and a strike, "the trier of fact may look to the entire record of the conviction" but may look "no further[.]"  (People v. Guerrero (1988) 44 Cal.3d 343, 355, italics omitted.)  The record of the conviction includes all relevant documents found in the court file

8

of the prior conviction.  (People v. Castellanos (1990) 219 Cal. App.3d 1163, 1172.)  Hearsay evidence is inadmissible unless the statements fall under an exception to the hearsay rule.  (People v. Reed (1996) 13 Cal.4th 217, 230.)

"[I]f the prior conviction was for an offense that can be committed in multiple ways, and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense. [Citations.]  In such a case, if the serious felony nature of the prior conviction depends upon the particular conduct that gave rise to the conviction, the record is insufficient to establish that a serious felony conviction occurred."  (People v. Miles (2008) 43 Cal.4th 1074, 1083.)

Defendant claims the People submitted no evidence regarding the facts of the Illinois armed robbery offense.  He maintains we cannot consider the plea transcript on appeal because it was never admitted on the post-verdict trial on the existence of the Illinois prior conviction or at the hearing on the in limine motion.

Defendant recognizes that the trial court relied on the transcript at the ruling on the in limine motion.  Citing Evidence Code section 403, subdivision (b), he argues that this was a mere motion to determine "whether the Illinois priors even qualified as a 'Strike/Serious Felony' antecedent" in which the People were not required to introduce any documentary evidence at the time.  (See Evid. Code, § 403, subd. (b) [evidence requiring proof of preliminary fact may be conditionally admitted subject to subsequent proof of the necessary preliminary fact].)  Since the People never introduced the plea transcript at the trial on the prior conviction's existence, defendant concludes, "the evidentiary basis on which the trial court made its alternative in limine legal ruling, based on the 'record of conviction,' is non-existent."

Defendant's argument fails because it is premised on a mistaken understanding of the procedure for determining strike and serious felony allegations.  Strike and serious felony allegations consist of two issues:  (1) whether the defendant was in fact convicted of the alleged crime; and (2) whether the offense is a serious felony and therefore a strike.  Defendant has a right to a jury trial on the existence of the prior conviction, but whether that conviction is a strike is for the trial court to determine, not the jury.  (People v. Kelii (1999) 21 Cal.4th 452, 454–459 (Kelii).)

The two issues are resolved through distinct inquiries.  While determining if the defendant was convicted of a crime is a pure question of fact, "whether a prior conviction qualifies as a strike under the Three Strikes law is also the type of inquiry that judges traditionally perform as part of the sentencing function.  Often this determination is purely legal, with no factual content whatever ."

(Kelii, supra, 21 Cal.4th at p. 456.)  The few factual questions "are of limited scope," so that there are no witnesses at the hearing, and "[t]he trier of fact considers only court documents." (Id. at pp. 456–457.)

The transcript of the plea hearing was attached to the People's in limine motion.  The parties treated the transcript as if it was presented in evidence for the hearing; the People argued factual basis of the plea was admissible hearsay as an adoptive admission, while defendant argued it was not admissible.  The trial court agreed with the People's argument, and quoted from the plea transcript at length in its decision.

The People did not offer the plea transcript at the subsequent trial on the existence of the prior convictions because it was unnecessary.  The indictment and record of conviction were sufficient to prove the only issue presented at that trial – defendant was convicted of the Illinois offenses in question.  The plea transcript was duplicative and potentially prejudicial as to that issue, containing a detailed description of defendant's prior crimes.

Citing People v. Ochoa (1993) 6 Cal.4th 1199, 1206 (Ochoa), the Attorney General concedes the Illinois plea colloquy cannot be considered on appeal because it was not admitted as evidence at the trial on the existence of the Illinois conviction.  We cannot accept the concession.

Ochoa simply states the general rule for reviewing the sufficiency of the evidence on appeal; it establishes no rule regarding when or how a trial court may determine whether a prior conviction is a serious felony and a strike.  (Ochoa, supra, 6 Cal.4th at p. 1206.)  The Attorney General's concession rests on the mistaken assumption that the trial on the existence of the Illinois conviction was also a trial on whether the conviction was a strike.

"It is well established that where the record shows that a document has been considered by the court and the parties as being in evidence, a reviewing court will not look for technical reasons to exclude [it] from consideration . . . ." (Cohon v. Dept. Alcoholic Bev. Control (1963) 218 Cal. App.2d 332, 335, fn. 10; accord Estate of Connolly (1975) 48 Cal. App.3d 129, 132, fn. 4; Reed v. Reed (1954) 128 Cal. App.2d 786, 790–792.)  "[T]he fact that no formal offer in evidence was made will not exclude it from consideration as part of the record on appeal." (Reed, at p. 791; see also Miller v. Superior Court (2002) 101 Cal. App.4th 728, 742.)

As we have already discussed, the parties and the trial court treated the plea colloquy as evidence at the pretrial hearing on the Illinois prior.  "We agree with the observation that, 'if an object looks like a duck, walks like a duck and quacks like a duck, it is likely to be a duck.' [Citation.]" (Phillippe v. Shapell Industries (1987) 43

10

Cal.3d 1247, 1256.)  The plea colloquy was evidence which we may consider in reviewing the strike finding.

Whether the Illinois conviction was a serious felony and a strike was litigated by the parties and determined by the trial court at the hearing on the People's in limine motion.  In determining whether the Illinois conviction is a strike and a serious felony, we review the trial court's ruling on the People's in limine motion.  The plea transcript was presented at the hearing, and we may consider it if it was admissible.

Defendant argued at the hearing on the People's motion that the factual basis of the Illinois plea was inadmissible hearsay.  We note that defendant did not raise any objection to the plea transcript based on a lack of foundation or authenticity which forfeits any such claims on appeal.  (People v. Cunningham (2001) 25 Cal.4th 926, 989; Evid. Code, § 353, subd. (a).)

Evidence Code section 1221 provides that "[e]vidence of a statement offered against a party is not made inadmissible by the hearsay rule if the statement is one of which the party, with knowledge of the content thereof, has by words or other conduct manifested his adoption or his belief in its truth."  In People v.. Sohal (1997) 53 Cal. App.4th 911, this court held that when a defendant enters a plea of guilty following a recitation of "the factual basis for the plea as stated by the prosecutor with which defense counsel agree[s]," the defendant makes "an adoptive admission of the truth of the facts underlying the plea on the prior ." (Id. at p. 916.)  The trial court can rely on those facts to find the prior conviction was a strike.  (Ibid.)

The same principles apply here.  At the Illinois plea hearing, defense counsel stipulated that the factual basis of the plea would be the testimony at trial.  Defendant did not object to the factual basis of his plea hearing, and his assent constitutes an adoptive admission of the hearsay statements therein.

Robbery is the taking by force or fear of personal property from the person or immediate presence of the one in possession with the specific intent to steal, i.e., permanently to deprive the victim of his property.  (§ 211; People v. Wader (1993) 5 Cal.4th 610, 645–646; People v. Dominguez (1995) 38 Cal. App.4th 410, 417.)  The specific intent to steal need not be directly proved, but may be inferred from all the circumstances of the case.  (People v. Lewis (2001) 25 Cal.4th 610, 643.)

Defendant's Illinois robbery conviction constituted robbery as defined in California.  Defendant demanded the Similac, and when refused, came back armed and with friends, beat two people at the church, and left with the Similac.  Defendant's return to the church to take the Similac he was initially refused is evidence of an intent

to steal formed before the robbery.  By using force to take the Similac and then leave the church without any pursuit, defendant completed the robbery.  (See People v. Johnson (1992) 5 Cal. App.4th 552, 559 [robbery complete when defendant no longer in flight from the scene].)

Substantial evidence supports the trial court's finding that the conduct underlying defendant's Illinois offense constituted robbery, and therefore was a serious felony and a strike.  Since the record of conviction shows how the prior offense was committed, we do not need to resolve the difficult question of whether the Illinois crime of robbery constitutes robbery in California under the least adjudicated means test.  (See People v. Banks (1979) 75 Ill.2d 383, 389–392 [robbery is general intent crime]; People v. Jamison (2001) 197 Ill.2d 135, 161 [same]; People v. Jones (1992) 149 Ill.2d 288, 295–297 [theft, which requires specific intent to steal, is a lesser included offense of robbery].)

## II

### The Requirement of Live Witnesses

At the trial on the existence of the prior conviction, defendant raised a Confrontation Clause objection to the record of conviction and indictment as they were presented without live witnesses to attest to their authenticity.  On appeal, he argues admitting theses documents without a live witness to certify them violates the rule of Crawford v. Washington (2004) 541 U.S. 36, 59 [158 L.Ed.2d 177] (Crawford), as explained in Melendez–Diaz v. Massachusetts (2009) 557 U.S. ___ [174 L.Ed.2d 314] (Melendez–Diaz).  We disagree.

Crawford held that out-of-court testimonial statements are barred by the Sixth Amendment's confrontation clause unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant.  (Crawford, supra, 541 U.S. at p. 59 [158 L.Ed.2d at p. 197].)  The Supreme Court did not define the term "testimonial," but gave examples – "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations."  (Id. at p. 68 [158 L.Ed.2d at p. 203].)

The Supreme Court held in Melendez–Diaz that a certificate of analysis, showing the nature and weight of a controlled substance recovered from the defendant, was indistinguishable from a sworn affidavit and fell within the "'core class of testimonial statements,'" and, thus, was subject to the confrontation clause requirements of Crawford.  Melendez–Diaz, supra, 541 U.S. at p. ___ [174 L.Ed.2d at p. 319]; see id. at p. ___ [174 L.Ed.2d at p. 321].)  Defendant asserts the certification of the records as authentic is indistinguishable from the lab reports in Melendez–Diaz.  He argues the certification is a hearsay statement that the record was an

12

authentic copy, and, since this statement was used for the purpose of incriminating defendant, it was testimonial under <u>Crawford</u>.

Defendant's argument is refuted by <u>Melendez–Diaz</u>, in which the Supreme Court stated: "Contrary to the dissent's suggestion [citation], we do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, *authenticity of the sample*, or accuracy of the testing device, must appear in person as part of the prosecution's case." (<u>Melendez–Diaz</u>, <u>supra</u>, 541 U.S. at p. ___ [174 L.Ed.2d at p. 322, fn. 1], italics added.)  The Supreme court also noted a narrow, historically recognized exception to its general rule:  "[a] clerk could by affidavit authenticate or provide a copy of an otherwise admissible record, but could not do what the analysts did here: create a record for the sole purpose of providing evidence against a defendant." (<u>Id.</u> at p. ___ [174 L.Ed.2d at p. 329].)

While the statement certifying a record may be intended to allow other evidence to be admitted against the defendant, that statement is not itself evidence of criminal conduct.  For this reason, the federal circuit courts considering this issue consistently hold that authenticating records does not implicate <u>Crawford</u>.  (<u>See United States v. Yeley–Davis</u> (10th Cir. 2011) 632 F.3d 673, 680; <u>United States v. Ellis</u> (7th Cir. 2006) 460 F.3d 920, 927; <u>United States v. Morgan</u> (5th Cir. 2007) 505 F.3d 332, 339; <u>United States v. Weiland</u> (9th Cir. 2005) 420 F.3d 1062, 1077.)

III

**Apprendi Error**

In <u>Apprendi</u>, the United States Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be tried to a jury and proved beyond a reasonable doubt.  (<u>Apprendi</u>, <u>supra</u>, 530 U.S. at p. 490 [147 L.Ed.2d at p. 455].)

After the conclusion of briefing, the Ninth Circuit Court of Appeals published <u>Wilson v. Knowles</u> (9th Cir. 2011) 638 F.3d 1213 (<u>Wilson</u>).  In <u>Wilson</u> the Ninth Circuit held that the <u>Apprendi</u> exception allowing a trial court to decide the fact of a prior conviction in determining the proper sentence did not apply where the trial court found disputed facts at issue in a seven-year-old conviction such as the extent of a victim's injuries or how an accident occurred.  (<u>Wilson</u>, at pp. 5–6.)

Defendant moved for supplemental briefing to address the issue of whether <u>Apprendi</u> prevents a trial court from making factual findings regarding prior convictions.  We deny the motion and deem the issue to have been raised by defendant.

/////

13

1
2
3
4
5
6
7
8

Arguably <u>Wilson</u> can be distinguished from the matter now before us but we need not decide that because the California Supreme Court disagrees with the Ninth Circuit on this point. "The United States Supreme Court consistently has stated that the right to a jury trial does not apply to the fact of a prior conviction. [Citations.] '[R]ecidivism . . . is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence.' [Citation.]" (<u>People v. Black</u> (2007) 41 Cal.4th 799, 818.) The California Supreme Court and numerous other jurisdictions interpret the recidivism "exception to include not only the fact that a prior conviction occurred, but also other related issues that may be determined by examining the records of the prior convictions. [Citations.]" (<u>Id.</u> at p. 819; <u>see also People v. McGee</u> (2006) 38 Cal.4th 682, 703–706 [citing cases].)

9
10
11

Whatever its application here, we need not follow the Ninth Circuit's decision in <u>Wilson</u>. (<u>People v. Camacho</u> (2000) 23 Cal.4th 824, 830, fn. 1.) We are bound to follow <u>Black</u> and <u>McGee</u>. (<u>Auto Equity Sales, Inc. v. Superior Court</u> (1962) 57 Cal.2d 450, 455.) Accordingly, we reject this contention.

12   (Opinion at 2-16.)

13             **2. Due Process Claim**

14             Petitioner's first claim is that the trial court's finding that the prior "strike"

15   sentence enhancement allegation was true violated his right to due process because it was not

16   based on sufficient evidence that his Illinois robbery conviction constituted a "strike" as defined

17   by California's Three Strikes Law. (Pet. at 5.) In his second claim, petitioner complains that the

18   trial court improperly considered a document that had not been formally introduced into evidence

19   in making its determination that the Illinois conviction was a "strike." (<u>Id.</u> at 7.) As set forth

20   above, the California Court of Appeal conducted an analysis of California and Illinois law and

21   concluded that the evidence of record was sufficient to support the trial court's finding that

22   petitioner's Illinois robbery conviction constituted a "strike." The Court of Appeal also

23   concluded that California law allowed the trial court to consider the Illinois plea colloquy in

24   making this determination.

25             Habeas corpus relief is unavailable for alleged errors in the interpretation or

26   application of state sentencing laws by either a state trial court or appellate court. <u>See Richmond</u>

                                                  14

v. Lewis, 506 U.S. 40, 50 (1992) (the question to be decided by a federal court on petition for habeas corpus is not whether the state committed state-law error but whether the state court's action was "so arbitrary or capricious" as to constitute an independent violation of the federal constitution).  "State courts are the ultimate expositors of state law," and a federal habeas court is bound by the state's construction except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue.  Mullaney v. Wilbur, 421 U.S. 684, 691 (1975).  So long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern."  Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976).  "Generally, a federal appellate court may not review a state sentence that is within the statutory limits."  Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987).  Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."  Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).

Applying these principles in federal habeas proceedings, the Ninth Circuit Court of Appeals has specifically refused to consider alleged errors in the application of state sentencing law.  For instance, the Ninth Circuit has refused to examine the state court's determination that a defendant's prior conviction was a "serious felony" within the meaning of the state statutes governing sentence enhancements.  Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989).  In Miller the court did not reach the merits of the petitioner's claim, stating that federal habeas relief is not available for alleged errors in interpreting and applying state law.  Id. (quoting Middleton, 768 F.2d at 1085).  The Ninth Circuit has also held that "[t]he decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus."  Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994).  Finally, the Ninth Circuit has concluded that petitioner's claim regarding merger of convictions for sentencing was exclusively concerned with state law and

1  therefore not cognizable in a federal habeas corpus proceeding.  Hendricks v. Zenon, 993 F.2d

2  664, 674 (9th Cir. 1993).

3          Whether or not a prior conviction properly constitutes a "strike" under

4  California's Three Strikes Law involves an interpretation of a state sentencing statute.  See Patel

5  v. Hartley, No. CV 11-08523-R (SH), 2012 WL 2805020, at *7 (C.D. Cal. June 15, 2012); Scott

6  v. Lopez, No. CIV-S-08-2227 GEB CKD P, 2012 WL 507030, at *9 (E.D. Cal. Feb 15, 2012)

7  ("Whether the trial court determined correctly that petitioner's Arizona robberies constitute

8  'strikes' under California law is, generally speaking, a question of California law.").  There is no

9  suggestion here that the decision of the California Court of Appeal interpreting California law

10 was "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation."

11 Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989.)  Accordingly, this federal habeas

12 court must defer to the California Court of Appeal's determination that petitioner's prior Illinois

13 robbery conviction constituted a "strike" under California's Three Strikes Law.

14          In any event, petitioner's due process claims fail on their merits.  Considering all

15 of the evidence before the sentencing judge in this case, including the record of the change of

16 plea hearing from petitioner's Illinois conviction, there was clearly sufficient evidence to support

17 a finding that petitioner's Illinois robbery conviction constituted a "strike" offense (robbery), as

18 defined by California law.  Petitioner argues that there was insufficient evidence before the

19 sentencing judge that his prior Illinois conviction for robbery constituted a "strike" because

20 Illinois law with respect to robbery does not require an intent to deprive the owner of the property

21 for a substantial amount of time, as California law does, and there was no evidence he intended

22 to permanently deprive the victims in the Illinois case of their property.  This court disagrees.

23          As noted by the California Court of Appeal, the state court record reflects that in

24 the Illinois case after petitioner was told by church officials he could not have any Similac bay

25 formula, he returned to the church armed and with several friends, beat two people with a

26 baseball bat, took the Similac baby formula by force, and left.  These facts support the California

16

1    court's conclusion that petitioner's Illinois conviction satisfied all of the elements of a robbery

2    under California law, including the requirement that petitioner intended to permanently deprive

3    the owners of their property.  The facts of the Illinois case are simply not subject to any

4    interpretation that petitioner intended to return the Similac baby formula.  See Jackson v.

5    Virginia, 443 U.S. 307, 319 (1979) (there is sufficient evidence to support a conviction if, "after

6    viewing the evidence in the light most favorable to the prosecution, any rational trier of fact

7    could have found the essential elements of the crime beyond a reasonable doubt.").  Accordingly,

8    petitioner is not entitled to relief on his claim that the true finding by the California trial court as

9    to the sentence enhancement allegation violated his right to due process because it was based on

10   insufficient evidence.

11          Petitioner also argues that the sentencing court was not permitted to consider the

12   transcript of the Illinois change of plea hearing in determining whether his Illinois robbery

13   conviction constituted a "strike" under California law because that transcript was not formally

14   "introduced in evidence."  (Pet. at 7.)  The California Court of Appeal found that the trial court

15   was entitled to consider the Illinois change of plea hearing transcript because it was included in

16   the court file of the Illinois conviction, it was treated by the parties as having been admitted into

17   evidence, it was relevant to the proceedings, and it was admissible under the adoptive admission

18   exception to the hearsay rule.  (Opinion at 8-10.)  These findings by the state appellate court are

19   not clearly erroneous or fundamentally unfair and are supported by the facts of this case.  This

20   court also notes that when considering an insufficiency of the evidence claim such as that

21   presented by petitioner here, "'a reviewing court must consider all of the evidence admitted by

22   the trial court,' regardless whether that evidence was admitted erroneously."  McDaniel v.

23   Brown, 558 U.S. 120, ___, 130 S. Ct. 665, 672 (2010) (citation omitted).

24          It is true that "the sentencing process, as well as the trial itself, must satisfy the

25   requirements of the Due Process Clause."  Gardner v. Florida, 430 U.S. 349, 358 (1977).  The

26   Due Process Clause is violated if evidence is introduced "that is so unduly prejudicial that it

1    renders the trial fundamentally unfair." <u>Payne v. Tennessee</u>, 501 U.S. 808, 825 (1991) (citing

2    <u>Darden v. Wainwright</u>, 477 U.S. 168, 179–183 (1986)).  The relevant question is whether the

3    evidence introduced "so infected the trial with unfairness as to make the resulting conviction a

4    denial of due process."  <u>Darden</u>, 477 U.S. at 181 (quoting <u>Donnelly v. DeChristoforo</u>, 416 U.S.

5    637, 643 (1974)).  <u>See also</u> <u>Fetterly v. Paskett</u>, 997 F.2d 1295, 1300 (9th Cir. 1993) ("the failure

6    of a state to abide by its own statutory commands may implicate a liberty interest protected by the

7    Fourteenth Amendment against arbitrary deprivation by a state;" <u>Walker</u>, 850 F.2d at 476 ("we

8    may vacate a sentence . . . if it was imposed in violation of due process").  Thus, a showing of

9    fundamental unfairness has been found where a state trial judge: (1) imposed a sentence in excess

10   of state law, <u>Marzano v. Kincheloe</u>, 915 F.2d 549, 552 (9th Cir. 1990), or (2) enhanced a

11   sentence based on materially false or unreliable information or based on a conviction infected by

12   constitutional error.  <u>United States v. Hanna</u>, 49 F.3d 572, 577 (9th Cir. 1995).

13          There is no evidence of such a due process violation here.  Although petitioner

14   raises several technical arguments regarding the admissibility of the evidence used to determine

15   that his Illinois robbery conviction constituted a "strike" as defined by California law, the record

16   before this court clearly demonstrates that petitioner committed a robbery in Illinois and that, in

17   doing so, he intended to permanently deprive the victims of their property.  Under these

18   circumstances petitioner has failed to demonstrate that the trial court's sentencing process,

19   including its reliance on the change of plea hearing transcript from the Illinois criminal

20   proceedings in determining whether the sentence enhancement allegation was true, rendered the

21   sentencing proceedings fundamentally unfair.

22          Petitioner's sufficiency of the evidence claim, including his claim that an

23   inadmissible document was improperly considered by the sentencing judge, was rejected by the

24   California Court of Appeal on state law grounds in a thorough and reasoned opinion.  That

25   opinion was not contrary to, or an unreasonable application of clearly established federal law and

26   there is no evidence before this court that petitioner's sentence was imposed in violation of his

18

1   right to due process or any other federal constitutional right.  Because petitioner's challenges to

2   his sentence do not establish a federal constitutional violation, he is not entitled to federal habeas

3   corpus relief.  See Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) (petitioner's sentencing

4   claims insufficient to merit federal habeas relief); Jefferson v. Kramer, No. CIV S-08-1367-JAM-

5   CMK-P, 2009 WL 29737, at *6 (E.D. Cal. Jan. 5, 2009) (substantial evidence supported trial

6   court's conclusion that petitioner's prior Illinois conviction for attempted murder qualified as a

7   "strike" under California's Three Strikes Law); Hughes v. Galaza, No. C01-2366 THE, 2004 WL

8   391506, at *7 (N.D. Cal. Feb. 26, 2004) (trial court's finding that petitioner's prior conviction in

9   Illinois for robbery qualified as a "strike" under California law did not violate due process

10   clause).

11                           **3.  Confrontation Clause**

12             Petitioner also argues, as he did in state court, that the trial court's use of

13   documents, and not live witnesses, to determine whether his robbery conviction in Illinois

14   constituted a "strike" under California law violated the Confrontation Clause.  (Pet. at 60-63.)

15   This claim also lacks merit and should be rejected.

16             The state court record reflects that two exhibits were introduced into evidence at

17   petitioner's trial on the prior "strike" allegation, comprised of documents which purported to

18   show that petitioner had previously been convicted of armed robbery in Illinois.  (Clerk's

19   Transcript on Appeal (CT) at 184-204, 205-09.)  These exhibits contained certifications of

20   authenticity by a notary public of the State of Illinois and a clerk of the circuit court of Cook

21   County, Illinois.  (Id. at 204, 209.)  Citing the decision in Melendez-Diaz v. Massachusetts, 557

22   U.S. 305 (2009), petitioner challenges the trial court's admission of these documents into

23   evidence based upon the certifications without requiring the presence of live witnesses to testify

24   as to their authenticity.  (Pet. at 60.)  In his traverse, petitioner claims that use of "testimonial

25   hear-say (sic) documents violates petitioner's sixth amendment right because the prosecution did

26   /////

19

1  not present it's witnesses to prove that petitioner was in fact convicted of robbery."  (Doc. No. 22

2  (Traverse) at 2.)

3            In Crawford v. Washington, 541 U.S. 36 (2004), the United States Supreme Court

4  held that the Confrontation Clause bars the state from introducing into evidence out-of-court

5  statements which are "testimonial" in nature unless the witness is unavailable and the defendant

6  had a prior opportunity to cross-examine the witness, regardless of whether such statements are

7  deemed reliable.   The Crawford rule applies only to hearsay statements that are "testimonial"

8  and does not bar the admission of non-testimonial hearsay statements.  Id. at 42, 51, 68.  See also

9  Whorton v. Bockting, 549 U.S. 406, 420 (2007) ("the Confrontation Clause has no application

10 to" an "out-of-court nontestimonial statement.") Subsequently, in Melendez-Diaz, the Supreme

11 Court held that "certificates of analysis" verifying the identity of a contraband chemical

12 substance were testimonial under Crawford and were therefore inadmissible unless the affiant

13 testified at trial or was unavailable but had earlier been available for cross-examination.  557

14 U.S. at 310-11.

15           Petitioner argues that the admission into evidence of the records of petitioner's

16 indictment and conviction in Illinois without live witnesses to attest to their authenticity was

17 prohibited under the holding in Melendez-Diaz.  However, as noted by the California Court of

18 Appeal, the Ninth Circuit, among other circuits, has held that the admission into evidence of

19 certifications of authenticity of routine documents does not violate the Confrontation Clause.  In

20 this regard, the Ninth Circuit has held that the "routine, objective, cataloging of an unambiguous

21 factual matter" such as a birth certificate is not testimonial.  United States v. Bahena-Cardenas,

22 411 F.3d 1067, 1075 (9th Cir. 2005).  Likewise, the Ninth Circuit has held both that "it is

23 undisputed that public records, such as judgments [of conviction], are not themselves testimonial

24 in nature and that these records do not fall within the prohibition established by the Supreme

25 Court in Crawford" and that the Confrontation Clause is not implicated by "a routine certification

26 by the custodian of a domestic public record . . . and a routine attestation to authority and

20

1   signature, such as that provided by the Secretary of State." United States v. Weiland, 420 F.3d

2   1062, 1077 (9th Cir. 2005). See also United States v. Causevic, 636 F.3d 998, 1002 (8th Cir.

3   2011) ("We agree with the Weiland court that criminal judgments may be admitted to show that

4   a defendant has a prior conviction without violating the Confrontation Clause."); United States v.

5   Watson, 650 F.3d 1084, 1090-91 (8th Cir. 2011) (penitentiary records containing booking photos

6   and fingerprint cards, used to prove defendant's status as a convicted felon, were admissible as

7   self-authenticating public records and admission did not violate the Confrontation Clause); Vega

8   v. Clark, No. CV 07-02666 VAP (AN), 2010 WL 1024589, at *21, n7 (C.D. Cal. Jan. 22, 2010)

9   ("The admission of the certified judgement of conviction was also not violative of Crawford.

10  Unlike the affidavits admitted against the defendant in Melendez-Diaz, Macias' certified abstract

11  of judgment was clearly not prepared for use at Petitioner's trial. [citation omitted.] Thus, that

12  document was akin to business or official records which Crawford expressly held were 'by their

13  nature' non-testimonial.")

14          Moreover, as noted by the state appellate court in this case, the Supreme Court in

15  Melendez-Diaz advised that the admission of "authenticity of [a] sample" did not violate the

16  Confrontation Clause and that the Confrontation Clause is not violated where a clerk

17  authenticates a record by affidavit.  557 U.S. at 311, n.1.  Under these circumstances, the

18  decision of the California Court of Appeal that the Confrontation Clause was not implicated by

19  the admission of the Illinois record of petitioner's indictment and conviction for robbery in that

20  state without live witnesses was not contrary to or an unreasonable application of clearly

21  established federal law.  Accordingly, petitioner is not entitled to federal habeas relief with

22  respect to this claim.

23          **4. Right to Jury Trial**

24          In his final claim for relief, petitioner argues that a determination of the truth of

25  his prior conviction at a court trial violated his Sixth Amendment right to a trial by jury.  (Pet. at

26  8, 52-55.)  Petitioner contends that he had the right to a jury trial on "whether or not the facts of

1   his prior conduct meet the definition of a 'serious felony' per section 667(d)(2);" and,

2   specifically, whether the facts underlying his prosecution in Illinois established that he had the

3   specific intent to permanently deprive the rightful owners of their property at the time he took it.

4   (Id. at 53.)  Petitioner explains that "the issue is whether these findings fell within the prior

5   conviction exception to Apprendi, permitting them to be determined by the judge alone in a court

6   trial."  (Id.)

7             In Apprendi the United States Supreme Court held that the Due Process Clause of

8   the Fourteenth Amendment requires any fact other than a prior conviction that "increases the

9   penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and

10  proved beyond a reasonable doubt."  530 U.S. at 490.  In Blakely v. Washington, 542 U.S. 296,

11  303-04 (2004), the Supreme Court decided that a defendant in a criminal case is entitled to have

12  a jury determine beyond a reasonable doubt any fact that increases the statutory maximum

13  sentence, unless the fact was admitted by the defendant or was based on a prior conviction.  In

14  Almendarez-Torres v. United States, 523 U.S. 224, 239-47 (1998), the Supreme Court held that

15  the fact of a prior conviction need not be determined by a jury before a sentencing court may use

16  the prior conviction as the basis for a sentencing enhancement.  Rather, the Supreme Court

17  concluded, prior convictions may be found by the sentencing judge based on a preponderance of

18  evidence.  Id. at 239-47.  See also Butler v. Curry, 528 F.3d 624, 641 (9th Cir. 2008) ("that the

19  fact of a prior conviction need not be pleaded in an indictment or proved to a jury beyond a

20  reasonable doubt . . . [is] the narrow Almendarez–Torres exception to the fact-finding

21  requirements established in the Apprendi line of cases").

22            In Wilson v. Knowles, 638 F.3d 1213, 1214 (9th Cir. 2011), the petitioner had

23  suffered a prior conviction under California Vehicle Code § 23153(b) for causing bodily injury

24  while driving under the influence.  The trial court determined that this prior conviction qualified

25  as a strike under California's Three Strikes law after making factual findings, from a limited

26  record, about various circumstances regarding the prior offense that were subject to dispute, such

1   as "the extent of [a surviving] victim's injuries and how [an] accident occurred." 638 F.3d at

2   1215. The Ninth Circuit held that the trial judge's ruling violated the Confrontation Clause,

3   holding that the prior conviction exception was not so broad as to encompass such factual

4   "speculation" by the sentencing court. Id. at 1216. In so holding, the court noted that the trial

5   judge's factfinding "extended beyond any reasonable interpretation of the prior conviction

6   exception," in that the court was forced to "speculate[ ] as to how a jury . . . might have evaluated

7   the evidence if the evidence had been offered and if a jury had been empaneled to evaluate it."

8   Id. at 1215. See also Calloway v. Grounds, No. 09-17280, 472 Fed. Appx.833 (9th Cir. May 2,

9   2012) (habeas petition granted without harmless error analysis where the trial judge denied

10  petitioner's request for a jury trial on the prior conviction enhancement allegation and relied on

11  transcripts and records of petitioner's prior conviction to make a factual finding that the

12  petitioner had inflicted great bodily injury upon his victim).[3]

13         Even assuming arguendo that petitioner has demonstrated an Apprendi violation,

14  as interpreted by the Ninth Circuit in Wilson, he is not entitled to federal habeas relief because

15  any such error was harmless in this case. Sentencing errors are subject to harmless error analysis.

16  Washington v. Recuenco, 548 U.S. 212, 221-22 (2006); Butler v. Curry, 528 F.3d 624, 648 (9th

17  Cir. 2008). Applying the harmlessness standard set forth by the Supreme Court in Brecht v.

18  Abrahamson, 507 U.S. 619, 623 (1993), the court must determine whether "the error had a

19  substantial and injurious effect on [Petitioner's] sentence." Butler, 528 F.3d at 648 (quoting

20  Hoffman v. Arave, 236 F.3d 523, 540 (9th Cir. 2001)). A habeas court may grant relief only if it

21  is in "grave doubt" as to whether a jury would have found any of the necessary factors justifying

22  a sentence. Id. In conducting harmless error review of an Apprendi violation, the Ninth Circuit

23  has explained that courts "may consider evidence presented at sentencing proceedings," but not

24  "new admissions made at sentencing." Id. (internal quotation marks omitted) (citing United

25

26       [3] Citation of this unpublished disposition by the Ninth Circuit Court of Appeals is appropriate pursuant to Fed. R. App. P. 32.1 and U.S. Ct. of App. 9th Cir. Rule 36-3(b).

1   States v. Nordby, 225 F.3d 1053, 1061 n.6 (9th Cir. 2000)), overruled on other grounds by

2   United States v. Buckland, 289 F.3d 558, 568 (9th Cir. 2002) (en banc).  Harmless error review

3   "encompasses the whole record" to determine "what evidence [the petitioner] would have

4   introduced at trial . . . had the issue been relevant."  Nordby, 225 F.3d at 1061 n.6 (internal

5   quotation marks omitted).

6           Here, as described above in connection with petitioner's insufficiency of the

7   evidence claim, there is no question that a California jury would have found beyond a reasonable

8   doubt that in connection with his Illinois burglary conviction petitioner intended to permanently

9   deprive the victims of their property.  Thus, the instant case is distinguishable from Wilson,

10  where the Ninth Circuit concluded that it "really [did not] know what would have happened" if

11  the aggravating factors had been submitted to a jury, and believed that the petitioner "might have

12  created reasonable doubt" about the existence of the aggravating factors.  Wilson, 638 F.3d at

13  1216.  See also Laster v. Yates, No. CV 10-7380-VBF (OP), 2011 WL 5594127, at *23 (C.D.

14  Cal. Sept. 30, 2011) (Where there could be "no dispute" that petitioner's prior offense involved

15  his infliction of great bodily injury on the victims, those prior conviction were serious felonies

16  and the sentencing court's reliance on a prison packet which included the abstract of judgment

17  did not violate the holding in Wilson).  There was no such uncertainty posed under the facts of

18  this case.[4]  See Cannan v. Hutchens, No. SACV 09-01264-GAF (SS), 2011 WL 2973554, at *12

19  (C.D. Cal. 2011) ("[E]ven if the 'prior conviction exception' did not permit the trial court's

20  factual findings, which it did, and even if the California Court of Appeal's conclusion to the

21  contrary was unreasonable, which it was not, any error was harmless because it did not have a

22

23          [4]  Petitioner notes that "there was no evidence that the Illinois prior was not committed
24  while so intoxicated as to prevent the formation of a specific intent to steal, or that the items were
    not taken under a claim of right, or that the items were returned shortly after their taking – all
25  facts that would preclude a finding that preclude use of the prior as a predicate under the 'There
    Strikes' recidivist law."  (Pet. at 5.)  Petitioner's suggestion that there may have been any such
26  evidence is based on pure speculation and finds no support in the record.  Accordingly, the court
    finds the argument wholly unpersuasive.

1   'substantial and injurious effect on [Petitioner's] sentence.'")

2           This court also notes that the United States Supreme Court has not yet defined

3   "the outer bounds of the 'prior conviction' exception after <u>Apprendi</u>." <u>Butler</u>, 528 F.3d at 644.

4   Therefore, "[c]ourts may reasonably disagree about some of the precise boundaries of the

5   exception." <u>Wilson</u>, 638 F.3d at 1215.  "The task of determining the precise contours of that

6   exception has been left to the federal appellate courts." <u>Kessee v. Mendoza–Powers</u>, 574 F.3d

7   675, 677 & n.2 (9th Cir. 2009).  Although decisions in the Ninth Circuit have consistently

8   provided a "narrow interpretation" of the prior conviction exception, "[o]ther courts have

9   disagreed and have construed the prior conviction exception more broadly." <u>Id.</u> at 677.

10  Accordingly, for purposes of federal habeas review under AEDPA , a state court decision

11  construing the exception to permit a trial judge to make sentence determinations consistent with

12  the broader interpretation of other courts "is unlikely to be contrary to, or involve an

13  unreasonable application of, clearly established Federal law, as determined by the Supreme

14  Court." <u>Id.</u> at 677–78 (holding that a state court decision that a defendant's probationary status

15  falls within the prior conviction exception "does not contravene AEDPA standards"). <u>See also</u>

16  <u>Portalatin v. Graham</u>, 624 F.3d 69, 93 (2d Cir. 2010) ("[I]f our court cannot divine a clear answer

17  from the [Supreme] Court's existing holdings, AEDPA prevents us from faulting a state court for

18  selecting one reasonable conclusion over another.")

19          Finally, the court also notes that petitioner stipulated to a court trial in California

20  with respect to the  prior conviction enhancement allegation.  (RT at 204-05, 213-16.)  He has

21  shown no prejudice from his waiver and he has failed to show that the jury would have reached a

22  different conclusion with respect to the prior conviction allegation.  <u>See</u> <u>Prasad v. Hill</u>, No. C 08-

23  5620 MMC (PR), 2011 WL 1969983, at *18 (N.D. Cal. June 1, 2012) (finding that petitioner's

24  counsel did not render ineffective assistance in failing to raise an appellate claim based on

25  <u>Wilson</u> decision where, among other things, petitioner had waived a jury trial on the prior

26  conviction enhancement allegation).

1    After a careful review of the record, this court concludes that the state court's

2 rejection of petitioner's Sixth Amendment jury trial claim was not contrary to or an unreasonable

3 application of clearly established federal law, nor was it based upon an unreasonable

4 determination of the facts.  See 28 U.S.C. § 2254(d).  Accordingly, petitioner is not entitled to

5 federal habeas relief with respect to that claim.

6 **III.  Conclusion**

7    For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that

8 petitioner's application for a writ of habeas corpus be denied.

9    These findings and recommendations are submitted to the United States District

10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

11 one days after being served with these findings and recommendations, any party may file written

12 objections with the court and serve a copy on all parties.  Such a document should be captioned

13 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

14 shall be served and filed within fourteen days after service of the objections.  Failure to file

15 objections within the specified time may waive the right to appeal the District Court's order.

16 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

17 1991).  In his objections petitioner may address whether a certificate of appealability should issue

18 in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules

19 Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability

20 when it enters a final order adverse to the applicant).

21 DATED: January 16, 2013.

22

23                                          _Dale A. Drozd_

24                                          DALE A. DROZD
                                           UNITED STATES MAGISTRATE JUDGE
25 DAD:8:
   williams545.hc
26