UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWINE WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>GARY SWARTHOUT, Warden,<br><br>Respondent. | No. 2:12-cv-0545 JAM DAD P<br><br><br><br>ORDER |

    Petitioner is a state prisoner without counsel proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 16, 2013, the magistrate judge issued findings and recommendations recommending that the petition be denied. On February 4, 2013, and March 26, 2013, petitioner filed objections to those findings and recommendations. On April 11, 2013, this court adopted the findings and recommendations and denied the petition for writ of habeas corpus. Judgment was entered that same day.

    More than eight months later, on December 24, 2013, petitioner filed a motion for leave to file a late notice of appeal in the United States Court of Appeals for the Ninth Circuit. Therein, petitioner explains that he recently discovered that an attorney hired by his family to process his appeal to the Ninth Circuit failed to do so. Petitioner also filed a notice of appeal.

    Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that a notice of appeal be filed within thirty days after the entry of the judgment appealed from. As set forth above, judgment was entered in this action on April 11, 2013. Accordingly, petitioner's notice of appeal was due no later than May 13, 2013. Petitioner's notice of appeal, which was filed on December 24, 2013, is untimely. The United States Supreme Court has consistently held that the filing of a notice of an appeal within the prescribed time is mandatory and jurisdictional. <u>Bowles v. Russell</u>, 551 U.S. 205, 209 (2007) (the timely filing of a notice of appeal in a civil case pursuant to Fed. R.

1  App. P. 4 is "mandatory and jurisdictional"). Rule 4(a)(5) of the Federal Rules of Appellate
2  Procedure provides that "[t]he district court, upon a showing of excusable neglect or good cause,
3  may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the
4  expiration of the time prescribed by this Rule 4(a)." Rule 4 does not authorize late motions for an
5  extension of time to file an appeal. Accordingly, because petitioner's motion for an extension of
6  time was filed more than seven months after the time for filing an appeal, the motion must be
7  denied as untimely. Bowles, 551 U.S. at 209; United States ex rel. Haight v. Catholic Healthcare
8  West, 602 F.3d 949, 954 (9th Cir. 2010).

   Petitioner has also failed to meet the requirements for reopening the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6). Specifically, petitioner has not demonstrated that he failed to receive notice of the judgment in this case, and his motion for an extension of time was filed more than 180 days after the judgment was entered. See id. This precludes the granting of an extension of time under Rule 4(a)(6). For all of these reasons, petitioner's motion for leave to file a late notice of appeal will be denied.

   On January 16, 2014, petitioner filed an application to proceed in forma pauperis on appeal. Because petitioner's notice of appeal and his request to file a late appeal are untimely, his request to proceed in forma pauperis is moot and will be denied on that basis.

   Accordingly, for the reasons set forth above, IT IS ORDERED that:

   1. Petitioner's December 24, 2013 request for leave to file a late notice of appeal is denied; and

   2. Petitioner's January 16, 2014 application to proceed in forma pauperis is denied.

DATED: February 3, 2014

/s/ John A. Mendez_____ ___
UNITED STATES DISTRICT COURT JUDGE

2